**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DAYSEAN JENKINS, | Case No. 3:23-CV-00049-ART-CLB |
| Plaintiff, | **ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| DANIEL SIMAS, *et. al.*, | [ECF No. 42] |
| Defendants. | |

Before the Court is Plaintiff Daysean Jenkins's ("Jenkins") motion for leave to file a first amended complaint. (ECF No. 42.) No opposition was filed. For the reasons stated below, the Court grants Jenkins's motion to file a second amended complaint, (ECF No. 42.)

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Jenkins is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Stewart Conservation Camp ("SCC"). (ECF No. 42 at 3.) Jenkins initiated this action on February 6, 2023, by filing a civil rights complaint for events that occurred at SCC. (ECF No. 1-1.) Thereafter, Jenkins filed a First Amended Complaint ("FAC") on March 14, 2023. (ECF No. 5.) Pursuant to 28 U.S.C. § 1915A, the District Court screened Jenkins's FAC and allowed him to proceed on the following claims: (1) an Eighth Amendment claim of deliberate indifference to unsafe prison conditions against Defendants Daniel Simas and Mike Davis; and (2) an Eighth Amendment Claim for deliberate indifference to serious medical needs against Defendants Dr. J. Benson, Nurse Debbie, and Dr. Halki. (ECF No. 8.)

On February 26, 2025, Jenkins filed the instant motion for leave to file a second amended complaint. (ECF No. 42.) No opposition was filed.

///

///

///

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

///
///

### III. DISCUSSION

Jenkins seeks leave to amend his complaint to reassert the same claims that are currently proceeding in this litigation and to simply clarify those claims against the respective defendants. (ECF No. 42.) Jenkins does not seek to add any additional claims or defendants to this litigation.

The Court finds that the motion to amend should be granted, as the above factors discussed in *Desertrain* weigh in Jenkins's favor. First, rather than bad faith, the record demonstrates that Jenkins is acting in good faith to amend his complaint to clarify his claims related to the action already before the Court. Second, Jenkins timely filed his amended pleading and thus did not delay in seeking amendment.

Third, Defendants are not prejudiced by the amendment, as it merely seeks to clarify the claims already asserted against the named defendants. Thus, the Court does not find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *See Morongo Band of Mission Indians,* 893 F.2d at 1079. Amendment is not futile, as the proposed amended complaint states Eighth Amendment claims that are already proceeding in this action against the same named defendants. (ECF No. 42-1.) Finally, this is Jenkins's second amended pleading, thus this factor weighs in his favor. In sum, the above *Desertrain* factors each weigh in Jenkins's favor, and, therefore, the Court concludes that amendment is proper.

Additionally, pursuant to LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion.

### IV. CONCLUSION

For the reasons discussed above, Jenkins's motion for leave to file a second amended complaint, (ECF No. 42), is **GRANTED**.

**IT IS SO ORDERED.**

DATED: March 13, 2025.

_____
UNITED STATES MAGISTRATE JUDGE